Mr. Barry Emigh 1720 Arrowhead, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of a popular name and ballot title for a proposed initiated act. You have previously asked for certification of three separate submissions, each containing a popular name and ballot title for a similar measure. I rejected those submissions in Opinions99-296, 99-324 and 99-368 due to a number of unresolved ambiguities arising from the text of your measure. You have now made changes to the text of your proposal, restyled your proposal as an initiated act, rather than a proposed constitutional amendment and have submitted the following proposed popular name and ballot title for my certification:
 POPULAR NAME PROVIDE FOR THE PROHIBITION OF ACLOHOL [SIC] FROM THOSE PERSONS CONVICTED OF DRIVING A VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL
 BALLOT TITLE AMENDMENT TO INDENTIFY [SIC] ANY PERSON FOUND GUILTY, PLEADING GUILTY, OR NO CONTEST TO DRIVING A VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL WITH THE WORDS `ALCOHOL PROHIBITED' WRITTEN ON A PERSON'S STATE ISSUED DRIVER'S LICENSE OR STATE ISSUED IDENTIFICATION FOR TWO YEARS: TO PROVIDE FOR THE PROHIBITION ON THE PURCHASE OF ALCOHOLIC BEVERAGES TO THOSE PERSONS IDENTIFIED WITH THE WORDS `ALCOHOL PROHIBITED' WRITTEN ON THEIR STATE ISSUED DRIVER'S LICENSE OR STATE ISSUED IDENTIFICATION BY THOSE BUSINESSES LICENSED BY THE STATE TO SELL ALCOHOLIC BEVERAGES: TO PROVIDE A FINE FOR ANY PERSON ACTING WITHIN THE SCOPE OF A BUSINESS LICENSED BY THE STATE TO SELL ALCOHOLIC BEVERAGES SELLING AN ALCOHOLIC BEVERAGE TO A PERSON IDENTIFIED WITH THE WORDS `ALCOHOL PROHIBITED' WRITTEN ON THEIR STATE ISSUED DRIVER'S LICENSE AND STATE ISSUED IDENTIFICATION:
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed act. See Arkansas Women's Political Caucus v.Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed act that will give the voter a fair understanding of the issues presented.Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v.Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed act, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must again reject both your proposed popular name and ballot title due to several unresolved ambiguities in the text of your proposed measure. There are a number of additions or changes to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107(b).
The following ambiguities must be clarified in both your measure and ballot title:
 1. You have restyled your proposed measure as an initiated" act" in the preamble to your petition and in your popular name and ballot title. In each paragraph of Section 3, however, the measure is still referred to as an "amendment." This ambiguity must be clarified before a popular name and ballot title may be certified for your measure.
 2. Section 2 (a) requires "[a]ny person acting within the scope of a business licensed by the state to sell alcoholic beverages . . . to verify a person's state issued driver's license . . . for the . . . words `Alcohol Prohibited' before selling an alcoholic beverage to a person." Subsection (b) of the same section requires the same "person[s] acting within the scope of a business licensed by the state to sell alcoholic beverages . . . [to] deny the sale of an alcoholic beverage to a person with the words, `Alcohol Prohibited' written on their state issued driver's license. . . ." As an initial matter, existing state law, in regulating such businesses, refers in some cases to the issuance of "permits," rather than "licenses." As such the use of the word "licensed" in your measure may lead to some confusion in this regard. More importantly, however, Section 2 of your measure purports to apply to "[a]ny person acting within the scope of a business licensed by the state to sell alcoholic beverages. . . ." Questions may arise as to whether this language has any applicability to sales by manufacturers, wholesalers, or other "persons" selling alcoholic beverages other than at the retail level for off-premises or on-premises consumption.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the issue discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General